UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RANDALL PLUMMER,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　Case No: 8:19-cv-2329-T-35TGW

**DEBSKI & ASSOCIATES, P.A.,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion for Summary Judgment filed by Defendant, (Dkt. 24), the Response in opposition thereto filed by Plaintiff, (Dkt. 26), and Defendant's Reply. (Dkt. 30) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** that Defendant's Motion for Summary Judgment, (Dkt. 24), is **DENIED**.

    **I.**    **BACKGROUND**

Plaintiff, Randall Plummer, initially filed this case in the County Court in and for Polk County, Florida. (Dkt. 1-1) On September 19, 2019, Defendant, Debski & Associates, P.A. ("Debski") filed a notice of removal. (Dkt. 1) Plaintiff's Complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") by communicating with him directly concerning his debt even though Defendant was aware that Plaintiff was represented by an attorney with respect to the aforementioned debt. (Dkt. 1-1) On May 20, 2020, Defendant moved for summary judgment on the claims brought against it. (Dkt. 24)

Defendant Debski asserts that the undisputed facts of the case "demonstrate that

Plaintiff cannot establish the existence of an essential element of the FDCPA and FCCPA claims, namely that the underlying debt is a consumer obligation incurred primarily for personal, family, or household purposes." (Id.) According to the Defendant, Plaintiff's inability to establish that his underlying debt is a consumer debt makes this case ripe for summary judgment. (Id.)

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356). A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations

2

unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e). At the summary judgment stage all facts asserted by the party opposing summary judgment must be regarded as true if supported by affidavit or other evidentiary material. Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1298 n.2 (11th Cir.1983). "[A]ll that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249, 106 S.Ct. 2505 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288–289 (1968)).

### III.     DISCUSSION

The FDCPA, a federal law enacted to limit debt collectors and protect consumer, and the FCCPA, a Florida state law with a similar mission, regulate the collection of consumer debt. Oppenheim v. I.C. Sys., 627 F.3d 833, 836 (11th Cir. 2010) (citing to 15 U.S.C. § 1692(e)). Because the FDCPA and FCCPA utilize identical definitions of debt, courts routinely evaluate claims under both laws simultaneously. (Id. at 839). "Furthermore, the FCCPA specifies that, in construing its provisions, 'due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.'" (Id. (citing to Fla. Stat. § 559.77(5)).

3

In order "to prevail on [an] FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity, (2) the defendant is a debt collector, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Bacelli v. MFP, Inc., 729 F. Supp. 2d 1328, 1344 (M.D. Fla. 2010) (citing Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-66 (S.D. Fla. 2000)). "To prevail on an FCCPA claim, a plaintiff must demonstrate the same three elements needed for a cause of action under the FDCPA." Polanco v. Igor & Co., No. 18-CV-60932, 2019 U.S. Dist. LEXIS 128735, at *9 (S.D. Fla. July 31, 2019) (citing to Oppenheim, 627 F.3d at 836-37).

Every obligation to pay does not constitute "debt" under the FDCPA and FCCPA.

> To recover under both the FDCPA and the FCCPA (a Florida state analogue to the federal FDCPA), a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt.' The FDCPA and the FCCPA identically define 'debt' as:
>
>> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

Oppenheim, 627 F.3d at 836-37 (citing to 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(1) (same)). In the present case, the Parties' dispute concerns whether or not Plaintiff's debt is a consumer debt as required to trigger the protections of the FDCPA and FCCPA.

Defendant's motion for summary judgment relies almost entirely upon Plaintiff's responses to requests for admissions concerning the nature of his debt, which he provided in the lawsuit that gave rise to this action. Specifically, on May 29, 2019, Capital One Bank (USA), N.A., ("Capital One"), represented by Debski filed a lawsuit, Capital One Bank (USA), N.A. v. Randall Plummer, Case No. 53-2019-SC-00345-000000,

4

(hereinafter the "Underlying Lawsuit"), against Plaintiff Randall Plummer. (Dkt. 1-1) On July 3, 2019 in the Underlying Lawsuit, attorney Arthur Drew Rubin, entered a notice of appearance for Mr. Plummer, and the Florida Courts E-Filing Portal sent the notice of appearance electronically to Michael Debski. (Dkt. 1-2 at 12) Plaintiff alleges that, even after receiving notice of his representation by counsel, Defendant Debski as counsel for Capital One sent a collections letter directly to him in violation of the FDCPA and FCCPA. (Dkt. 24 at 2 (citing to Dkt. 1-1))

Capital One filed and served its First Request for Admissions in the Underlying Lawsuit on Mr. Plummer on September 16, 2019. (Dkt. 24-2) In his answers to Capital One's Request for Admissions, Mr. Plummer stated "that he does not recall whether he had the credit card account that is the subject of this lawsuit and so he denies the same and demands strict proof thereof." (Id.) Defendant Debski asserts that Plaintiff has not "amended, revised, or supplemented his Answers to Plaintiff's First Request for Admissions." (Dkt. 24) Defendant argues, therefore, that those answers bind the Plaintiff in this federal suit. Plaintiff disputes Defendant's assertion that Plaintiff's answers to requests for admissions in a separate action are relevant to the current action. (Dkt. 26 at 4)

Florida Rule of Civil Procedure 1.370(b) and the corresponding Federal Rule of Civil Procedure, Rule 36(b), state that admissions are restricted to use for the pending action only. Jaffe v. Grant, 793 F.2d 1182, 1187 (11th Cir. 1986). "In holding that a plaintiff starts with a 'clean slate' in federal court, courts have acknowledged that 'any admissions in the state court proceeding do not carry over to subsequent proceedings.'" McGuinness v. State Farm Mut. Auto. Ins. Co., No. 6:11-cv-823-Orl-18DAB, 2011 U.S. Dist. LEXIS

5

157840, at *5 (M.D. Fla. July 20, 2011) (citing to In re Williams, No. 96-35228-BKC-PGH, 1998 Bankr. LEXIS 2096, 1998 WL 34070715, *5 (Bankr. S.D. Fla. July 6, 1998); See also Jaffe v. Grant, 793 F.2d 1182, 1187 (11th Cir. 1986) (acknowledging the applicability of Rule 1.370(b) to federal courts as a potential constraint on evidence available to parties).

Defendant's reliance on Boosahda v. Providence Dane, LLC, 462 Fed.Appx. 331 (4th Cir. Jan. 31, 2012), an unreported decision of the Fourth Circuit, for a contrary result is misplaced. In Boosahda, the Fourth Circuit refused to permit the Plaintiff to disavow his deposition testimony in the same federal case by submitting a conflicting affidavit in which he suddenly possessed "knowledge of the nature of the debt, having repeatedly disavowed under oath knowledge of the debt itself." Boosahda, 462 Fed.Appx. at 335. While Boosahda did also offer conflicting testimony in his underlying state court action, that state court testimony was not the feature of the Court's decision. Rather, the court focused on the deposition introduced by the defendant debt collector and the conflicting attestation of the plaintiff Boosahda that were provided in the same federal court action. Id. at 335.

By contrast, Defendant Debski is attempting in this case to use Plaintiff's admissions from a separate state court matter to cast doubt upon Plaintiff's affidavit that he submitted as a part of this federal court action. As Plaintiff correctly points out, "admissions in separate state court proceedings 'do not carry over to subsequent proceedings.'" (Dkt. 26 at 7 (citing In re Williams, 96-35228-BKC-PGH, 1998 WL 34070715, at *5 (Bankr. S.D. Fla. July 6, 1998)). Consequently, Defendant is not entitled

6

to summary judgment on the basis of Plaintiff's answers in discovery in the Underlying Lawsuit.

Additionally, in this action Plaintiff submitted an affidavit swearing, under penalty of perjury, that his September 2019 responses to request for admissions in the Capital One's lawsuit against [him] were based upon the lack of information and documents provided by Capital One...." (Dkt. 25 at 2) Plaintiff also makes the following specific attestations:

> 1. I have had and used Capital One credit cards for personal use.
> 2. All purchases I have ever made with credit cards, including Capital One credit cards, were for personal use.
> 3. I have never used any credit card for commercial or business purposes.
> 4. I have never been self-employed or the owner [or] officer of a business entity.

(Id. at ¶ 9-12) Plaintiff reiterates these assertions in his Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. (Dkt. 26 at 5)

Defendant challenges the reliability of Mr. Plummer's statements in his affidavit. Defendant argues that Mr. Plummer's affidavit "is not made on his personal knowledge but is merely upon his 'belie(f)' that the Capital One debt was incurred for personal and/or household use." (Dkt. 30 at 1) This contention, too, fails. The Court notes that Plaintiff does state:

> Based upon the forgoing, I *believe* that the account that Capital One was attempting to collect a debt from me that was incurred through purchases of items and services for personal and household use *and expect that, as discovery continues, Capital One will verify the nature of my purchases*.

(emphasis added) (Dkt. 25 at 3) His more specific attestations, however, provide context and more directly speak to the nature of his purchasing history. Plaintiff's affidavit, reaffirmed by his subsequent motion, expressly states that all of his Capital One credit

7

card purchases were for personal use and that he has never made commercial purchases using any credit card. (Id.) Those assertions, made under penalty of perjury, are sufficient to permit a jury to draw a reasonable inference that the debt involved in the Underlying Lawsuit and this action is consumer debt. At trial, Plaintiff will be subject to rigorous cross examination on any perceived ambiguity.

Accordingly, Defendant's motion for summary judgment, (Dkt. 24) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of December, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person