# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| RANDALL PLUMMER | ) |
| Plaintiff | ) |
| vs. | ) CASE NO. 8:19-cv-02329-MSS-TGW |
| DEBSKI & ASSOCIATES, P.A. | ) |
| Defendant | ) |

**DEFENDANT DEBSKI & ASSOCIATES, P.A.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

## I. FINDINGs OF FACT

1. Defendant Debski & Associates, P.A. ("Debski") filed suit against Plaintiff Randall Plummer ("Plummer") in the County Court in and for Polk County, Florida on behalf of its client Capital One Bank (USA), N.A. seeking to recover the balance due on a credit card debt. (Plaintiff's Amended Complaint, ECF No. 1-1 at ¶ 2).

2. On August 27, 2019 Mr. Plummer filed a lawsuit against Debski alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA) and later amended the suit on September 7, 2019 (ECF No. 1-2).

3. In the Amended Complaint, later removed to this Court, Plummer asserted the debt Debski was attempting to collect was a consumer obligation (ECF No. 1-1 at ¶¶ 10, 11).

4. On September 23, 2019, after he filed suit alleging Debski was attempting to collect a consumer debt, Mr. Plummer served sworn answers to Interrogatories in the state

1

court collection suit stating he was unable to say whether he ever had the credit card that was the subject of the state court collection suit.

5. On July 5, 2019 at 10:49 a.m., Debski prepared and sent a letter to Plummer regarding a scheduled pre-trial conference in the state court action. The letter asked Mr. Plummer to contact Debski if he was interested in settling the case.

6. The July 5, 2019 letter did not contain any false or misleading statements, did not make any unlawful threats, did not include any abusive language and was a communication relating to a possible settlement of a pending lawsuit.

7. On July 5, 2019 at 12:03 p.m., Debski received notification that Mr. Plummer was represented by counsel in the state court collection action.

8. Upon receipt of the notice of representation, Debski ceased further communication with Mr. Plummer.

9. Debski has adopted reasonable procedures for processing notices received from attorneys entering an appearance on behalf of Defendants subject to a lawsuit filed by Debski.

10. Debski's procedures include reasonable steps to enter information in its filing system that a debtor/defendant is represented by counsel.

11. Debski has reasonable procedures to ensure that once it received notice of a representation by an attorney representing a debtor/defendant, that it ceases all communications with the debtor/defendant and directs all communications only to the attorney handling the case.

12. Plaintiff did not sustain any damage nor suffer any concrete harm as a result of his receipt of Debski's July 5, 2019 letter.

## II. CONCLUSION OF LAW

1. A party bringing a suit under the FDCPA must establish that: "(1) that Plaintiff has been the object of collection activity arising from a consumer debt; (2) the Defendant is a debtor (sic) collector as defined by the FDCPA; and (3) the Defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakloff, P.A.*, 192 F.Supp.2d 1361, 1366 (N.D.Fla. 2002).

2. Mr. Plummer has failed to meet his burden to establish that he was the object of collection activity by Debski arising from a consumer debt.

3. Mr. Plummer has failed to meet his burden to establish that Debski is a debt collector subject to the FDCPA.

4. Mr. Plummer has failed to establish that Debski engaged in any act or omission prohibited by the FDCPA specifically, he has failed to meet his burden to show that Debski's July 5, 2019 letter was sent with knowledge that Mr. Plummer was represented by an attorney.

5. Even if the Plaintiff had established that Debski was attempting to collect a consumer debt, the Plaintiff is judicially estopped from making the assertion that the debt was a consumer obligation because he took an inconsistent position under oath in the state court collection action, disclaiming that any debt was owed to Capital One. This inconsistent position was calculated to make a mockery of the judicial system. *See*, *Slater v. United States Seal Corporation*, 871 F.3d 1174, 1181 (11th Cir. 2017).

6. Even if Mr. Plummer established that Debski was attempting to collect a consumer debt and that Debski was a debt collector as defined by the FDCPA, Debski has met its burden to establish that any liability should be excused because its error was bona fide in nature, was unintentional, and that Debski had procedures in place reasonably adapted to avoid the error, i.e., communicating with a consumer represented by counsel. *See*, 15 U.S.C. §1692k.

7. Debski processed the notice of appearance received from Mr. Rubin within a reasonable time after receipt. *See, McDaniel v. South and Associates* 325 F. Supp. 2d 1210, 1219 (D. Kan. 2004)

8. Plaintiff's FCCPA claims relating to the July 5, 2019 letter are barred by Florida's litigation privilege. *See, Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So.2d 380, 384 (Fla.2007).

9. Even if not bared by the litigation privilege, the elements needed to establish a claim under the Florida Consumer Collection Practices Act are similar to the elements needed to establish a claim under the Fair Debt Collection Practices Act. *See, Deutsch Bank, Nat. Trust Co. v. Fox*, 971 F.Supp.2d 1106 (M.D.Fla. 2013). The first prong is substantially identical to the FDCPA as the FCCPA only applies to consumer debts. *Id.*, *see also,* Fla.Stat. §559.55(1).

10. To the extent the second prong differs from the FDCPA and that the FCCPA also prohibits acts of "persons" and is not limited to "debt collectors", the fact that Debski is a "person" is not determinative because the Plaintiff has failed to establish the existence of consumer debt.

11. The third prong, i.e., an act or omission prohibited by the FCCPA is also resolved in Debski's favor Plaintiff. Debski only knew of attorney representation only after it sent its July 5, 2019 letter. *See*, Fla.Stat. §559.72(18) (violation requires that the person "knows" the collector is represented by an attorney).

12. Even if the Plaintiff could establish liability under the FCCPA, it still avoids liability because the elements of the bona fide error defense that applied to the FDCPA also apply to the FCCPA. *See*, *Goodin v. Bank of America, N.A.*, 114 F.Supp.3d 1197, 1208 (M.D.Fla. 2015).

13. In the absence of actual damages, Plaintiff is not entitled to "additional" damages. *See, Trichell v. Midland Credit Management, Inc*., 964 F.3d 990, 1000 (11th Cir. 2020)

14. Even if Plaintiff is entitled to additional or statutory damages, the Court declines to award damages because any violation was neither persistent nor frequent, was unintentional and in considering the nature of any noncompliance, finds that the letter was motivated by a sincere effort to reach a settlement of a pending lawsuit. *See*, 15 U.S.C. 1692k(b)(1) and Fla Stat. 559.77(2).

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Bar # 335045
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com
*Attorney for Defendant*

*Local Address*:
400 S. Dixie Hwy #322
Boca Raton, Florida 33432

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by electronic notification pursuant to ECF procedures on this 16th day of August, 2021 to:

>Heather A. Harwell, Esquire
>26609 Whirlaway Terrace
>Wesley Chapell, Florida 33544
>HH1@FLDebtLaw.com
>*Attorneys for Plaintiff*

>/s/ Ronald S. Canter
>―――――――――――――――――
>Ronald S. Canter, Esquire
>*Attorney for Defendant*