UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL PLUMMER,

    Plaintiff,

v.                                    CASE NO.:  **8:19-cv-2329-MSS-TGW**

DEBSKI & ASSOCIATES, P.A.,

    Defendant.

_____/

**PLAINTIFF, RANDALL PLUMMER'S,
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    Plaintiff, **RANDALL PLUMMER**, by and through undersigned counsel, hereby respectfully proposes the following findings of fact and conclusions of law, and states:

**I.     FINDINGS OF FACT**

    **A.**   The Court retains jurisdiction.

    **B.**   Venue is proper.

    **C.**   Debski & Associates, P.A. filed a lawsuit identified as Polk County, Florida 2019-SC-003435, on behalf of Capital One Bank (USA), N.A., seeking to collect a credit card debt from Randall Plummer [Plaintiff's proposed Exhibit 1] (hereinafter also referenced as **"Collection Lawsuit"**).

    **D.**   Debski & Associates, P.A. designated "rd@ecert.comcastbiz.net" as its preferred e-mail address in the Collection Lawsuit [Plaintiff's proposed Exhibit 1].

    **E.**   Attorney Arthur Rubin filed and served a Notice of Appearance as Counsel for Defendant on 7/3/2021, through Florida's electronic filing system, selecting the e-mail address "rd@ecert.comcastbiz.net" for service upon Capital One Bank (USA), N.A. by and through its attorneys, Debski & Associates, P.A. in the Collection Lawsuit [Plaintiff's proposed Exhibit 2].

Case 8:19-cv-02329-MSS-TGW   Document 44   Filed 08/17/21   Page 2 of 9 PageID 261

Randall Plummer v. Debski & Associates, P.A.
USMD Case No. 8:18-cv-01580-JDW-AEP
Plaintiff, Randall Plummer's, Proposed Findings of Fact and Conclusions of Law
Page 2

  **F.** Attorney Arthur Rubin filed and served a Motion to Dismiss on 7/3/2021, through Florida's electronic filing system, selecting the e-mail address "rd@ecert.comcastbiz.net" for service upon Capital One Bank (USA), N.A. by and through its attorneys, Debski & Associates, P.A. in the Collection Lawsuit [Plaintiff's proposed Exhibit 2].

  **G.** Attorney Arthur Rubin filed and served a Notice of Serving Interrogatories to Plaintiff on 7/3/2021, through Florida's electronic filing system, selecting the e-mail address "rd@ecert.comcastbiz.net" for service upon Capital One Bank (USA), N.A. by and through its attorneys, Debski & Associates, P.A. in the Collection Lawsuit [Plaintiff's proposed Exhibit 2].

  **H.** Attorney Arthur Rubin filed and served Defendant's First Request to Produce on 7/3/2021, through Florida's electronic filing system, selecting the e-mail address "rd@ecert.comcastbiz.net" for service upon Capital One Bank (USA), N.A. by and through its attorneys, Debski & Associates, P.A. in the Collection Lawsuit [Plaintiff's proposed Exhibit 2].

  **I.** Attorney Arthur Rubin filed and served Defendant's First Request for Admissions on 7/3/2021, through Florida's electronic filing system, selecting the e-mail address "rd@ecert.comcastbiz.net" for service upon Capital One Bank (USA), N.A. by and through its attorneys, Debski & Associates, P.A. in the Collection Lawsuit [Plaintiff's proposed Exhibit 2].

  **J.** Debski & Associates, P.A. mailed a letter regarding the Collection Lawsuit which letter was prepared by its employee, attorney Edward Brown, on July 5, 2019, directly to Randall Plummer at his home address, 3615 Twilight Drive, Mulberry, Florida 33860 (hereinafter also referenced as "**Collection Letter**". [ECF No. 29, p. 5; No. 43, p.2, ¶5; and Plaintiff's proposed Exhibit 3].

  **K.** The Collection Letter was not a necessary nor integral part of the Collection Lawsuit.

  **L.** The Collection Letter was not a communication offering settlement of the debt to Randall Plummer.

  **M.** Randall Plummer's alleged admissions in the Collection Lawsuit are not relevant to the above-styled action nor inconsistent with his position in the above-styled lawsuit with regard to the nature of the debt as Randall Plummer responded that he did not recall opening

the relevant account in the Collection Lawsuit and herein asserts that, although he has had credit card accounts, he has never had or used a business credit card account.

**N.**   The Collection Lawsuit and Collection Letter both sought collection of a consumer debt from Randall Plummer as indicated by the following additional facts:

1. The complaint in the Collection Lawsuit did not allege that the debt was a commercial or business debt or account, as indicated by the following additional facts [ECF No. 25 & 25-1];

2. The complaint in the Collection Lawsuit [ECF No. 1, Exh. 1, ¶ 2; ECF No. 24, ¶¶ 1-2] attached a Capital One statement addressed to "Randall Plummer" personally. [ECF No. 25 & 25-1];

3. All purchases Randall Plummer has ever made with credit cards, including Capital One credits cards, were for personal use. [ECF No. 25, ¶ 10].

4. Randall Plummer has never used any credit card for commercial or business purposes. [ECF No. 25, ¶ 11];

5. Randall Plummer has never been self-employed or the owner or officer of a business entity. [ECF No. 25, ¶ 12];

6. The Capital one statement attached to the complaint in the Collection Lawsuit contains the following language:

   "If you think there is an error on your statement. write to us at: Capital One P.O. Box 30285 Salt Lake City, UT 84130-0285. In your letter, give us the following information:

   • Account information: Your name and account number.
   • Dollar amount: The dollar amount of the suspected error.
   • Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and *why* you believe it is a mistake. You must contact us within 60 days after the error appeared on your statement. You must notify us of any potential errors in writing. You may call us or notify us electronically, but if you do **we** are not required to investigate any potential errors and *you* may have to pay the amount in question. We will notify you in writing within 30

Case 8:19-cv-02329-MSS-TGW   Document 44   Filed 08/17/21   Page 4 of 9 PageID 263

Randall Plummer v. Debski & Associates, P.A.
USMD Case No. 8:18-cv-01580-JDW-AEP
Plaintiff, Randall Plummer's, Proposed Findings of Fact and Conclusions of Law
Page 4

days of our receipt of *your* letter. While we investigate whether or not there has been an error. the following are true:
• We cannot try to collect the amount in question. or report you as delinquent on that amount. The charge in question may remain on *your* statement, and **we** may continue to charge you interest on that amount. But, if **we** determine that **we** made **a** mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
• While you do not have to pay the amount in question until we send you **a** notice about the outcome of our investigation, you are responsible for the remainder of your balance."; [ECF No. 25, ¶ 8 and ECF No. 25-1].

**O.** Debski & Associates, P.A. has failed to adopt, implement or practice reasonable procedures for processing notices received from attorneys entering an appearance on behalf of Defendants subject to filed lawsuit as indicated by the following additional facts:

**1.** Debski & Associates, P.A. mailed a letter regarding the Collection Lawsuit which letter was prepared by its employee, attorney Edward Brown, on July 5, 2019, directly to Randall Plummer at his home address, 3615 Twilight Drive, Mulberry, Florida 33860 (hereinafter also referenced as Collection Letter, without confirming whether or not a notice of appearance had been filed in the Collection Lawsuit**.** [ECF No. 29, p. 5; No. 43, p.2, ¶¶5 and 7; and Plaintiff's proposed Exhibit 3];

**2.** Debski & Associates, P.A's established procedures fail to set forth procedures for timely confirming whether or not a notice of appearance has been filed and/or served before mailing a letter to a defendant who is the subject of a lawsuit, including, but not limited to failure to establish a procedure to check the court docket in a case to confirm that the defendant is not represented by an attorney before mailing direct contact letters to the defendants. [Defendant's proposed Exhibit 1; Defendant's proposed Exhibit 2, pp. 1-13]; and

Case 8:19-cv-02329-MSS-TGW   Document 44   Filed 08/17/21   Page 5 of 9 PageID 264

Randall Plummer v. Debski & Associates, P.A.
USMD Case No. 8:18-cv-01580-JDW-AEP
Plaintiff, Randall Plummer's, Proposed Findings of Fact and Conclusions of Law
Page 5

    **3.** Debski & Associates, P.A's employees failed to follow established procedures to ensure timely receipt of notices of appearance filed by attorneys on behalf of Defendants in ongoing lawsuits, including, but not limited to, failure to pull faxes/emails first thing every morning and every 2 hours, and failure to enter information in Debski & Associates, P.A.'s system that a debtor/defendant is represented by counsel. [Defendant's proposed Exhibit 1; Defendant's proposed Exhibit 2, pp. 1-13].

  **P.** Randall Plummer suffered a concrete injury in the form of emotional distress due to receipt of the Collection Letter, believing that receipt of the Collection Letter indicated that Attorney Arthur Rubin did not file an appearance or documents on his behalf in the Collection Lawsuit.

  **Q.** Debski & Associates, P.A. intentionally and or wantonly mailed the Collection Letter to Randall Plummer with utter disregard for whether or not he was represented by an attorney with regard to the debt.

## II. CONCLUSIONS OF LAW

  **1.** At all times relevant and material to the above-styled action, including the date and time Debski & Associates, P.A. mailed the Collection Letter to Randall Plummer, Randall Plummer was a "natural person obligated or allegedly obligated to pay [the] debt", as defined in 15 U.S.C. § 1692a(3).

  **2.** At all times relevant and material to the above-styled action, including the date and time Debski & Associates, P.A. mailed the Collection Letter to Randall Plummer, Randall Plummer was a "natural person obligated or allegedly obligated to pay [the] debt", as defined in 15 U.S.C. § 1692a(3).

  **3.** The debt Debski & Associates, P.A. sought to collect from Randall Plummer in the Collection Lawsuit and Collection Letter was an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance,

Case 8:19-cv-02329-MSS-TGW   Document 44   Filed 08/17/21   Page 6 of 9 PageID 265

Randall Plummer v. Debski & Associates, P.A.
USMD Case No. 8:18-cv-01580-JDW-AEP
Plaintiff, Randall Plummer's, Proposed Findings of Fact and Conclusions of Law
Page 6

or services which are the subject of the transaction are primarily for personal, family, or household purposes" rendering it a consumer debt as defined in 15 U.S.C. § 1692a(5); F.S. § 559.55(5).

4. At all times relevant and material to the above-styled action, including the date and time Debski & Associates, P.A. mailed the Collection Letter to Randall Plummer, Debski & Associates, P.A. was a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," deeming Debski & Associates, P.A. a "debt collector" as defined in 15 U.S.C. § 1692a(6); F.S. § 559.55(7).

5. Debski & Associates, P.A. were deemed to have notice of Attorney Arthur Rubin's representation of Randall Plummer upon Attorney Arthur Rubin's filing of a Notice of Appearance and multiple other documents through the Florida E-filing Portal on 7/3/2021 at 2:32 PM pursuant to Rule 2.516(b)-(e), Fla. R. Gen. Prac. & Jud. Admin. which requires all documents to be served by e-mail, and states that "[i]f the e-mail is sent by the Portal…service is complete on the date the served document is electronically filed [and the] date of filing is that shown on the face of the document by the judge's notation or the clerk's time stamp, whichever is earlier."

6. Attorney Arthur Rubin's certificate of service dated 7/3/2021 on the Notice of Appearance is prima facie proof of such service in compliance with Rule 2.516, Fla. R. Gen. Prac. & Jud. Admin.

7. Debski & Associates, P.A. was prohibited from communicating with Randall Plummer on 7/5/2021 pursuant to 15 U.S.C. § 1692c(a)(2) and F.S. § 559.72(18) because it knew Randall Plummer was represented by Attorney Arthur Rubin, could readily ascertain Attorney Arthur Rubin's name and address and had no prior consent of Randall Plummer or Attorney Arthur Rubin or express permission of a court of competent jurisdiction to contact Randall Plummer.

8. Debski & Associates, P.A. violated 15 U.S.C. § 1692c(a)(2) and F.S. § 559.72(18) because it mailed a letter directly to Randall Plummer on 7/5/2021 when it knew Randall Plummer was represented by Attorney Arthur Rubin, could readily ascertain Attorney

Case 8:19-cv-02329-MSS-TGW   Document 44   Filed 08/17/21   Page 7 of 9 PageID 266

Randall Plummer v. Debski & Associates, P.A.
USMD Case No. 8:18-cv-01580-JDW-AEP
Plaintiff, Randall Plummer's, Proposed Findings of Fact and Conclusions of Law
Page 7

Arthur Rubin's name and address and had no prior consent of Randall Plummer or Attorney Arthur Rubin or express permission of a court of competent jurisdiction to contact Randall Plummer.

9. Debski & Associates, P.A. was prohibited from communicating with Randall

10. Admissions in separate state court proceedings "do not carry over to subsequent proceedings. *In re Williams*, 96-35228-BKC-PGH, 1998 WL 34070715, at *5 (Bankr. S.D. Fla. July 6, 1998). Florida Rules of Civil Procedure 1.370(b) specifically prohibits reliance upon such admissions in subsequent matters by restricting the use of admissions to the pending action in which the admissions were obtained. *Fla. R. Civ. P.* 1.370(b) ("Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against that party in any other proceeding".). Consequently, this Court starts with a clean slate. *In re Williams* at *5. Therefore, any perceived admissions by Randall Plummer in the Collection Lawsuit are neither admissible in nor relevant to the above-styled action.

11. Debski & Associates, P.A.'s violation of 15 U.S.C. § 1692(a)(2) and F.S. § 559.72(1) is not protected from liability in the above-styled matter by litigation privilege because the Collection Letter was not a necessary and integral part of the Collection Lawsuit and made no indication of settlement discussion. *Timberlake v. Robertson, Anschutz & Schneid, P.L.*, 8:19-CV-3167-T-60SPF, 2020 WL 2039722, at *3 (M.D. Fla. Apr. 28, 2020) citing *North Star Cap. Acquisitions, LLC v. Krig,* 611 F. Supp. 2d 1324, 1330 (M.D. Fla. 2009) ("Florida's litigation privilege does not automatically immunize a party from liability for violation of the FCCPA. Courts in this jurisdiction have pointed out that "not every event bearing any relation to litigation is protected by the privilege."); see also *Acosta v. Gustino*, 6:11-CV-1266-ORL-31, 2013 WL 6069862, at *6–7 (M.D. Fla. Nov. 18, 2013) (Reasoning that "[a]pplying the litigation privilege to the communications…would eviscerate the FCCPA and allow attorney debt collectors to avoid liability under state law for potentially abusive and harassing collection practices simply by filing a lawsuit before attempting to collect a debt" and finding that a letter and stipulation served on counterclaim plaintiffs with the summons and complaint, being an attempt to collect a debt in its entirely, rather than a settlement negotiation.)

Case 8:19-cv-02329-MSS-TGW   Document 44   Filed 08/17/21   Page 8 of 9 PageID 267

Randall Plummer v. Debski & Associates, P.A.
USMD Case No. 8:18-cv-01580-JDW-AEP
Plaintiff, Randall Plummer's, Proposed Findings of Fact and Conclusions of Law
Page 8

**12.** A lawsuit, the sole purpose of which is to collect a consumer debt, is an act of "collecting consumer debts" as referenced in F.S. § 559.72.

**13.** A lawsuit, the sole purpose of which is to collect a consumer debt, is "an act in connection with the collection of [a] debt" as referenced in 15 U.S.C. § 1692(c)a.

**14.** Emotional distress constitutes a "particularized injury", affecting Randall Plummer " in a personal and individual way". See *Wood v. Raffensperger*, 20-14813, 2021 WL 3440690, at *2 (11th Cir. Aug. 6, 2021).

**15.** Intangible injury, such as emotional distress, constitutes a "concrete injury". A particularized injury is one that "affects the plaintiff in a personal and individual way. *Trichell v. Midland Credit Mgmt., Inc.,* 964 F.3d 990, 997 (11th Cir. 2020) ("As a general matter, tangible injuries qualify as concrete.").

**16.** Neither frequency nor persistence are requirements for awarding damages although the frequency and persistence of the noncompliance together with the extent to which the debt collector's noncompliance was intentional are considered in determining the amount liability to impose under the FDCPA and FCCPA.. 15 U.S.C. § 1692k(b)(1); Fla. Stat. § 559.77(2); see also *Arnold v. Source Sols. Mgmt., LLC*, 8:20-CV-2519-SCB-SPF, 2021 WL 2515204, at *2 (M.D. Fla. Apr. 27, 2021).

Date:  **August 17, 2021**

                                      **Respectfully submitted,**

                                      **LAW OFFICE OF**
                                      **HEATHER A. HARWELL, P.A.**

                                      /s/  Heather A. Harwell

                                      **HEATHER A. HARWELL, ESQUIRE**
                                      Florida Bar No. 0796794
                                      26609  Whirlaway Terrace
                                      Wesley Chapel, Florida  33544
                                      PH: 813-892-2922;  FX:  813-907-2933
                                      EM:  HH1@FLDebtLaw.com
                                      Attorney for Plaintiff,
                                      RANDALL PLUMMER

Randall Plummer v. Debski & Associates, P.A.<br>
USMD Case No. 8:18-cv-01580-JDW-AEP<br>
Plaintiff, Randall Plummer's, Proposed Findings of Fact and Conclusions of Law<br>
Page 9

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Defendant's Proposed Findings of Fact and Conclusions of Law was electronically filed with the Clerk of the Court through CM/ECF and that the forgoing document was served upon Debski & Associates, P.A. care of Defendant's designated counsel, at the e-mail indicated below, who is authorized to electronically receive Notices of Electronic Filing, on **August 17, 2021**.

**RONALD S. CANTER, ESQUIRE**
**The Law Offices of Ronald S. Canter, LLC.**
200A  Monroe St., Ste. 104
Rockville, MD  20850
PH:  301-424-7490; FX:  301-424-7470
EM:  rcanter@roncanterllc.com

/s/  Heather A. Harwell
_____
**HEATHER A. HARWELL, ESQUIRE**
Florida Bar No. 0796794